UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DOUGLAS W. MAYBERRY, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-3041 |
| | ) | |
| WEXFORD HEALTH SERVICES, et. al., | ) | |
|    Defendants | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint and consideration of Plaintiff's Motion for Leave to Correct his complaint. [1, 6].

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff alleges various Defendants violated his Eighth Amendment rights in the Illinois Department of Corrections (IDOC) including Wexford Health Sources, Dr. Russell Austin, Dentist Dr. Rene, Director Rob Jeffrey, Taylorville Correctional Center Warden Melinda Eddy, Counselor Cerlock, Grievance Officer Amber Roley, Administrative Review Board Member Adewale Kuforji, and Jane or John Doe Dentists at Western Illinois and Big Muddy Correctional Centers.

In his Motion for Leave to Correct his complaint, Plaintiff states the correct name of previously identified Dentist Dr. Rene is Dr. Reich. [6]. The motion to correct the name is granted. [6].

Plaintiff says Defendants at three different correctional centers failed to provide adequate dental care. Plaintiff alleges "Event No. 1" occurred on September 24, 2014, when an unknown dentist at Western Illinois Correctional Center "pulled out all my remaining teeth and made a set of dentures for me to use from then on." (Comp, p. 6). However, Plaintiff says the dentures provided did not fit, and the Defendant Dentist refused to take any action to address the problem. Plaintiff explains he has a "bad gag reflex" which made it difficult to get a proper impression for the dentures. (Comp., p. 6). Plaintiff admits he was transferred to another facility by 2016.

Plaintiff's first claim is barred by the two-year statute of limitations period. *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). Even if Plaintiff was attempting to allege a continuing violation based on his dental care at three different facilities over an extended period, "[l]iability is defendant-specific." *Heard v. Elyea*, 525 Fed.Appx. 510, 512 (7th Cir. 2013). Therefore, a claim against a particular defendant "accrues immediately when that person loses the ability to do something about [the plaintiff's] condition" *Id.* (internal quotation omitted). Courts have repeatedly held unless the Plaintiff demonstrates otherwise, an IDOC Doctor loses the power to provide treatment to an inmate when he transfers to another institution. *See Blakenship v. Obaisi*, 443 Fed.Appx. 205, 208 (7th Cir. 2011) (dismissing claims against defendant prison official as time-barred where plaintiff brought his claims more than two years after he left the

correctional facility where defendant was employed); *Haywood v. Feinerman*, 2019 WL 4200603, at *2, FN 1(S.D.Ill. Sept 5, 2019)(claims are continuing violations "that lasted until Plaintiff's transfer."). Since Plaintiff left Western Illinois in 2016, any claim against dentists at the facility accrued in 2018.

"Event No. 2" occurred in March of 2016 at Big Muddy Correctional Center located in Jefferson County, Illinois.  Plaintiff asked the facility dentist if he could fix his dentures, but the Defendant refused.  Plaintiff says he repeatedly asked "for dental implants to be surgically installed", but each time he was informed "IDOC does not do dental implants." (Comp, p. 7).

Plaintiff does not clearly state when he last spoke with dental staff at Big Muddy Correctional Center, and therefore it is unclear if this claim is also barred by the two-year statute of limitations period.

Nonetheless, the Court does not believe Plaintiff can combine his claims concerning dental care at three separate facilities over a nine-year period in one complaint.  Federal Rule of Civil Procedure 20 limits the number of claims a plaintiff can bring against different defendants.  Specifically, Rule 20 allows claims against separate defendants if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R.Civ.P. 20 (a)(2)(A).  Based on Plaintiff's allegations, the independent treatment decisions of different dentists at different facilities over a period of several years does not constitute the same series of transactions or occurrences. *See i.e. Jones v. Wexford Health Sources, Inc.*, 2019 WL

6080202, at *2–3 (S.D.Ill. Nov. 15, 2019)("defendants employed at Menard and those at Dixon have made independent judgments about Plaintiff's condition, treatment,..").

Finally, venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b). According to that statute, proper venue for claims involving Defendants and occurrences at Big Muddy Correctional Center in Jefferson County, Illinois lies in the United States District Court for the Southern District of Illinois. The Court will therefore dismiss Defendants Jane or John Doe Dentists at Western Illinois and Big Muddy Correctional Centers.

Plaintiff says Event #3 is the "main issue in this complaint "and it occurred after he was transferred to Taylorville Correctional Center. Plaintiff does not state when he entered Taylorville, but he met with the facility dentist on September 20, 2021 concerning his request for dental implants. Defendant Dentist Dr. Reich again advised Plaintiff IDOC did not typically provide dental implants. Therefore, Plaintiff asked Defendant Dr. Reich if he could "make it where I could actually wear my dentures without them activating my gag reflex." (Comp., p. 8).

The Defendant Dentist then "ground the top plate down so it did not go so far back in my mouth which lessened the gag reflex issue" and Plaintiff was able to wear his dentures. (Comp, p. 8).

However, Plaintiff next alleges he was allergic to the "Polly grip adhesive" sold in the prison commissary and he developed painful blisters. (Comp., p. 8). Plaintiff informed Defendant Dr. Reich, but the Dentist claimed there was nothing else he could

do. Plaintiff filed a grievance, and the Defendant ultimately provided a nonallergic adhesive.

Plaintiff next alleges "the dentures made it impossible to taste and feel the food I am eating causing me not to be able to wear my dentures without living in fear of choking on the food which I cannot tell if it is chewed up enough to swallow safely." (Comp., p. 9). Plaintiff again filed a grievance.

Plaintiff says after he received a grievance response "from level 3," he again met with Defendant Dentist Dr. Reich. Plaintiff claims the Defendant advised him he "had submitted me to Wexford Health Sources, Inc. to send me out to get dental implants surgically installed." (Comp., p. 9).

Chief of Oral Health Services Dr. Russell Austin denied the request and instead suggested Defendant Dr. Reich attempt to make a new set of dentures. Plaintiff says this still has not happened. Plaintiff asks for damages and surgery to provide dental implants.

Plaintiff has attached a copy of one of his grievances dated March 28, 2022. Defendant Grievance Counselor Cerlock stated he had contacted dental staff and was advised implants were not commonly provided. Plaintiff was advised if he had further questions, he should speak to the dentist.

Defendant Grievance Officer Roley also contacted the Health Care Unit concerning Plaintiff's complaints and was advised Dental Implants were not a commonly provided Wexford service and Plaintiff was provided dentures. (Comp, p. 16). The grievance was denied and Defendant Warden Eddy concurred. (Comp, p. 16).

The Administrative Review Board responded on October 12, 2022, and noted: "Per HCUA, dental implants are not provided by Wexford Services," but Plaintiff can continue to request care for any further dental issues. (Comp., p. 11). The appeal was denied and signed by Defendant ARB Member Kuloriji and Defendant Director Jeffreys.

Plaintiff has adequately alleged Defendants Wexford, Dentist Dr. Reich, and Defendant Dr. Russell Austin violated his Eighth Amendment rights when they delayed of denied dental care.

However, Plaintiff has failed to articulate a claim against IDOC Director Rob Jeffrey, Taylorville Correctional Center Warden Melinda Eddy, Counselor Cerlock, Grievance Officer Amber Roley, and Administrative Review Board Member Adewale Kuforji. The non-medical Defendants only involvement in Plaintiff's case was through the grievance process and both the grievance counselor and grievance officer contacted medical professionals who indicated Plaintiff had received dentures, dental implants were a rare procedure, and Plaintiff should first discuss any continued problems with dental staff. *See Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006)( "We do not think [a prison official's] failure to take further action once he had referred the matter to the medical providers can be viewed as deliberate indifference.").

Plaintiff has also filed a Motion to Request Counsel. [4]. Plaintiff has no constitutional right to the appointment of counsel in a civil case. In addition, the Court cannot require an attorney to accept pro bono appointment. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, Plaintiff says he has contacted two law firms without success. Nonetheless, Plaintiff's complaint clearly sets for his surviving claim concerning his dental care. Plaintiff states his education includes some college courses and he is currently taking paralegal studies.

Plaintiff will be able to obtain his relevant dental records during discovery and he can testify to his attempts to receive treatment, responses received, and impact on his ability to eat and/or pain suffered. All of which can be used to demonstrate the Defendants were deliberately indifferent. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference). In addition, the Court will enter a scheduling order in this case after Defendants are served and file an answer to Plaintiff's complaint. This order will provide information to assist a pro se litigant through the discovery process.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Wexford, Dentist Dr. Reich, and Defendant Dr. Russell Austin violated his Eighth Amendment rights when they delayed of denied needed dental care. Plaintiff's claim against Wexford is an

official capacity claim based on a policy of denying needed dental implants. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained

only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's Motion to Correct and change Defendant Dentist Dr. Rene's name to the correct name of Dentist Dr. Reich,[6]: 2) Dismiss Defendants Director Rob Jeffrey, Taylorville Correctional Center Warden Melinda Eddy, Counselor Cerlock, Grievance Officer Amber Roley, Administrative Review Board Member Adewale Kuforji, and Jane or John Doe Dentists at Western Illinois and Big Muddy Correctional Centers for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) Deny Plaintiff's motion for appointment of counsel, [4];** 4) **Attempt service on Defendants pursuant to the standard procedures; 5) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 6) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 17th day of April, 2023.

s/ James E. Shadid

———————————————————
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE